IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ninell D. Mendyuk<br>7080 Stillwater Cove SE<br>Westerville, Ohio 43082 | : <br> : <br> : <br> : | Case No._____ |
| Plaintiff, | : <br> : | Judge _____ |
| vs. | : <br> : | |
| Jaguar Land Rover North America, LLC<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | : <br> : <br> : <br> : <br> : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Ninell D. Mendyuk and for her Complaint against Defendant Jaguar Land Rover North America, LLC hereby states as follows.

1. State and Federal laws have been constructed to protect consumers who inadvertently purchase "lemon" vehicles.

2. If a consumer purchases a new motor vehicle, and within one year or 18,000 miles, whichever is earlier, that vehicle needs repairs that do not conform to any applicable express warranty, the manufacturer is required to repair (within a reasonable number of attempts), replace, or buy-back the vehicle. Ohio Rev. Code § 1345.72

3. In accordance with Ohio Rev. Code § 1345.75(A), a consumer may bring a civil action if the vehicle manufacturer fails to comply with Ohio Rev. Code § 1345.72.

4. Plaintiff attempted to resolve her dispute with Defendant through the Better Business Bureau Auto Line. The arbitrator found in favor of Plaintiff but did not award the full

1

amount owed under Ohio law, including amounts for rental reimbursement and attorney fees. A copy of the arbitrator's decision is attached as Exhibit A.

## PARTIES

5.  Ninell D. Mendyuk is an individual who is, and was at all times relevant hereto, residing in Delaware County, Ohio. Defendant Mendyuk is a "consumer" as defined by Ohio Rev. Code § 1345.71(A)(1).

6.  Jaguar Land Rover North America, LLC ("Land Rover" or "Manufacturer"), is a New Jersey corporation authorized to do business in the State of Ohio, and is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying, and selling written warranties to the public through a system of authorized dealerships. Defendant Land Rover solicits and conducts business in Franklin County, Ohio, and is a "manufacturer" as defined by Ohio Rev. Code § 1345.71(B).

## JURISDICTION

7.  This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the action is against citizens of different States.

8.  This Court also has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a) because Plaintiff's claim under Magnuson-Moss Warranty Act arises under the laws of the United States and Plaintiff's lemon-law claim under Ohio law forms part of the same case and controversy as her Magnuson-Moss Warranty Act claim.

9.  This Court has personal jurisdiction over Defendant because Defendant does business in this District and a substantial number of the events giving rise to the claims took place in Ohio.

10. A substantial part of the events or acts giving rise to the claims herein occurred within this District; and therefore, venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

11. On May 18, 2019, Plaintiff entered into a consumer transaction, as defined in Ohio Rev. Code § 1345.01(A), with Defendant Land Rover for the purchase of a brand new 2019 Land Rover Range Rover, VIN # SALGS2RE7KA534704 (hereafter the "Vehicle").

12. Since taking delivery of the vehicle, Plaintiff has experienced significant, recurring and ongoing problems, defects, or nonconformities that have caused the Vehicle to be out of service and in the repair facility leaving the Vehicle out of service in excess of 75 days by reason of repair (over 30 of those days were before one year from date of purchase or 18,000 miles).

13. Plaintiff purchased the Vehicle from MAG Land Rover Dublin in Columbus, Ohio, on May 18, 2019. The purchase price for the Vehicle was $125,850. MAG Land Rover charged $250 in document fees, $6,270 in sales tax, and $33.50 in title filing fees. The total purchase for the Vehicle was $132,403.50. The Vehicle had 51 miles on it at the time of purchase.

14. The Vehicle was presented to MAG Land Rover on December 23, 2019, with a complaint that the Vehicle was not receiving incoming Wi-Fi signals. After some examination, the Dealership also discovered that the in-control touch system was malfunctioning, the radio volume knob would only read 14, and no sound came from the radio.

15. The Dealership determined that it needed to replace the telematics control unit ("TCU"). This replacement required the Dealership to remove the driver rear seat, trunk trim, and bolster. Replacing the TCU, however, did not address the problems. The Dealership then tested the wiring connections, which required the Dealership to remove the floor console trim. The testing revealed no issues with the connections.

16. Next, the Dealership pulled the headliner and replaced the roof pod, which also did not address the problem. The Dealership then replaced the TCU again to no avail. MAG Land Rover then determined the cause to be a defect in the infotainment master controller ("IMC"). To install a new IMC, the Dealership had to remove the front seat, the B-pillar trim, and the scuff plate. A new IMC was ordered and installed, and a software update was performed. The Wi-Fi and in-control touch system was then confirmed to be operating as designed.

17. The Vehicle was returned to Plaintiff on January 23, 2020. Between December 23, 2019, and January 23, 2020, Plaintiff did pick up the Vehicle for a period of seven days for use around the holidays. Thus, during this period, the Vehicle was out of service for reason of repairs for 25 days.

18. The Vehicle was presented to MAG Land Rover on January 24, 2020, with a complaint that the navigation system was not working. At that time, the Dealership reinstalled maps to the IMC. The Vehicle was out of service for reason of repair for 1 day.

19. The Vehicle was presented to MAG Land Rover on January 31, 2020, with a complaint that the rear seats would not heat up or cool and the check engine light was illuminated. The Dealership explained that the heating and cooling feature applied to only the front seats. Upon investigation into the check engine light, an internal sensor failure was found to be the cause. A sensor was replaced and electronic control unit was configured. The vehicle was out of service for reason of repair for 1 day.

20. The Vehicle again was presented to MAG Land Rover on May 9, 2020, at 17,774 miles with a complaint that the radio was blanking out, resetting, and shutting off while driving and the third-row seating was inoperable. Upon examination, the Dealership found issues with the APIX display, a needed IMC update, and the Vehicle's audio. The Dealership determined that it

4

needed to replace the IMC again. After replacing the IMC, the Dealership discovered that the Audio Amplifier Module (AAM) was not responding and needed replaced.

21. To check the AAM, the Dealership had to remove the passenger seat. Replacing the AAM did not address the issue. The Dealership then uninstalled and reinstalled the new IMC. In reinstalling the IMC, the Dealership discovered that some of the wires connecting devices were not securing. The Dealership had to replace the APIX cable, which required removal of the center console, after which the IMC, AAM, and touch screen audio system functioned.

22. The Vehicle was returned to Plaintiff on June 4, 2020. Thus, the Vehicle was out of service for reason of repair for 27 days.

23. The Vehicle was presented to MAG Land Rover on June 20, 2020, at 18,834 miles as a follow up to the May 9, 2020 service visit because the necessary parts were not available at that time. MAG Land Rover ran the APIX cable overlay from the IMC to the AAM, tested the system and verified that the infotainment system was operating as designed. This repair required the Dealership to remove both front seats, the side trim on the floor console, and the front carpet. The vehicle was out of service for reason of repair for 6 days.

24. The Vehicle was presented to Germain Jaguar Land Rover of Easton in Columbus, Ohio, on October 23, 2020, at 25,982 miles with a complaint that the center console top would go black and stay that way, the rear camera was staying on for up to 8 minutes, and both in-control touch screen monitors were working improperly. Germain confirmed three trouble codes, cleared the codes, performed a Gateway module update and configuration, and replaced the Electronic Control Unit (ECU). The Vehicle was out of service for reason of repair for 7 days.

25. Plaintiff continued to have issues with the display systems, Wi-FI, and radio. She returned the Vehicle to the Dealership again on June 23, 2021, with complaints that the blind-spot monitoring was inoperable, the sunroof would open by itself when driving, and the reverse camera

would stay on when Vehicle was in drive. The Dealership updated the object detection module, updated other software, and turned off the sunroof feature. The Vehicle was out of service two days.

26. The Vehicle was out of service for reason of repair for a cumulative total of at least 36 days during the period of one year following the date of original delivery and first 18,000 miles of operation. Furthermore, Defendant was unable to resolve the issues with the Vehicle during those 36 days and continued to make unsuccessful attempts to repair the Vehicle well into the second year of ownership.

27. During the periods in which the Vehicle was out of service, Plaintiff incurred rental expenses.

28. On December 14, 2020, and in accordance with Ohio Rev. Code § 1345.77, Plaintiff filed a Customer Claim Form with the Better Business Bureau Auto Line ("BBB") (case number LRV2027838) to initiate an informal dispute resolution.

29. On March 22, 2021, a telephonic arbitration hearing was held with Plaintiff's counsel, a representative from the BBB, and a representative from Defendant Land Rover. During that call Land Rover agreed to repurchase the Vehicle and requested additional documentation to finalize a settlement agreement. Because of Defendant's claimed willingness to repurchase the Vehicle, the arbitration hearing did not occur.

30. Following the telephone conference, Plaintiff provided Defendant with all of the requested information. However, Defendant stopped communicating with Plaintiff's counsel; and therefore, the parties were unable to finalize a settlement. As a result, on June 16, 2021, Plaintiff filed another Customer Claim Form was filed with the BBB (case number LRV2118017).

31. Another telephonic arbitration hearing was held on August 2, 2021, with Plaintiff, Plaintiff's counsel, a representative from the BBB, and the BBB arbitrator. Following the hearing, Plaintiff provided additional documentation to the BBB and the BBB arbitrator.

32. Subsequently, the arbitrator found in Plaintiff's favor that a fair resolution of this dispute would be for Defendant Land Rover to repurchase the 2019 Land Rover Range Rover. However, the arbitrator's repurchase award did not include reimbursement for rental expenses or attorney fees. For this reason, Plaintiff rejected the BBB decision and instead filed this complaint for relief.

### COUNT I—VIOLATION OF THE OHIO'S "LEMON LAW"
### (Ohio Rev. Code §§ 1345.71 *et seq.*)

33. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 32 as if fully restated herein.

34. Defendant Land Rover's actions with respect to the sale and service of the Vehicle constitute a violation of Ohio Rev. Code §§ 1345.71 *et. seq.*, the Ohio Lemon Law.

35. The defects to Plaintiff's Vehicle substantially impair the use, value, and safety of the Vehicle.

36. Because of the defects, the Vehicle does not conform to its applicable express warranty.

37. Plaintiff reported the Vehicle's nonconformities to Defendant Land Rover through its authorized repair facilities within one year following the date of delivery and during the first 18,000 miles registered on the odometer, but Defendant Land Rover failed to conform the Vehicle to its express warranties.

38. Defendant Land Rover failed to remedy and repair the defects in violation of Ohio Rev. Code § 1345.72.

39. Subsequent to the purchase of the Vehicle, and within 18,000 miles of its being placed in service with Plaintiff, the Vehicle was out of service by reason of repair for a cumulative total of 30 days or more.

40. Additionally, a substantially same nonconformity has been the subject of repair three or more times and continued to exist and recur.

41. All of the repairs were performed either by Defendant Land Rover or by other authorized Land Rover personnel with the consent and/or under the direction of Defendant Land Rover.

42. The subject Vehicle meets the criteria set forth in Ohio Rev. Code § 1345.73 and was legally presumed to be a "lemon," as acknowledged by both the BBB arbitrator and Land Rover.

43. The subject Vehicle meets the criteria of Ohio's Lemon Law and, as such, Plaintiff is entitled to the law's prescribed remedies from Defendant Land Rover, including repurchase, incidental damages, and attorney fees.

44. Pursuant to Ohio Rev. Code § 1345.77, Plaintiff, as required, attempted to resolve the nonconformity through an informal dispute resolution mechanism with the BBB.

45. As a direct and proximate result of Defendant Land Rover's violation of Ohio's Lemon Law, Plaintiff is entitled to a refund of the contract price of the Vehicle, the charges for all accessories, sales tax, license and registration fees, all incidental damages including vehicle rental, reasonable attorney fees, and costs of this action, all as set forth under the Ohio Lemon Law.

## COUNT II—VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
**(15 U.S.C. § 2301 *et. seq.*)**

46. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 45 as if fully restated herein.

47. Defendant Land Rover breached the express and implied warranties under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et. seq.*

48. Pursuant to the Magnuson-Moss Warranty Act, Defendant Land Rover had an obligation to properly repair the Vehicle when it could not or did not properly repair the vehicle, Defendant had an obligation to either replace the vehicle or make a full refund, at Plaintiff's option.

49. Plaintiff is entitled to a refund of the full purchase price of the Vehicle including all incidental fess, consequential and incidental damages, costs, charges and taxes as well as reasonable attorney fees and costs, all as defined under the aforementioned Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mendyuk demands judgment against Defendant as follows:

A. Amounts exceeding $75,000.00 for her compensatory damages;

B. Plaintiff's costs, attorneys' fees, and expenses;

C. Prejudgment and post-judgment interest;

D. Any and all other costs, expenses or relief, legal or equitable, that this Court may deem just and proper.

/s/ Tiffany L. Carwile
Tiffany L. Carwile       (0082522)

ARNOLD & CLIFFORD LLP
115 West Main Street, Fourth Floor
Columbus, Ohio 43215
Telephone: (614) 460-1600
Facsimile: (614) 469-1066
Email:     tcarwile@arnlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

>*/s/ Tiffany L. Carwile*
>Tiffany L. Carwile